RICHMOND HOSIERY MILLS v. JULIUS KAYSER & CO.

(Circuit Court of Appeals, Second Circuit.  April 14, 1913.)

No. 211.

TRADE-MARKS AND TRADE-NAMES (§ 95*)—PRELIMINARY INJUNCTION—IR-
REPARABLE INJURY.

   Complainant, engaged in the manufacture and sale of low-priced cot-
ton stockings under a trade-mark "Wunderhose," sued to restrain defend-
ant's use of the word "Wonderfoot" in connection with the manufacture
and sale of high-priced silk stockings, sold under different conditions, on
the ground of unlawful competition.  Defendant was amply responsible
for any damages that might be recovered, and it did not appear that
complainant could be seriously injured pending a trial on the merits.
Held, that complainant was not entitled to an injunction pendente lite,
restraining defendant's use of such word.

   [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
Dig. § 108;· Dec. Dig. § 95.*]

On appeal from an order of the District Court for the Southern
District of New York denying a motion by the complainant for a pre-
liminary injunction restraining the defendant from using the word
"Wonderfoot" in connection with hosiery manufactured by it; the
complainant insisting that such use constitutes unfair competition in
trade and is an infringement of complainant's trade-mark "Wunder-
hose."

   Albert M. Austin and George W. Case, Jr., both of New York City,
for appellant.

   Hardy, Stancliffe & Whitaker, of New York City (Charles J. Hardy
and Frederick P. Whitaker, both of New York City, of counsel), for
appellee.

   Before LACOMBE, COXE, and NOYES, Circuit Judges.

   PER.CURIAM.  The use of the words "Wunderhose" by the com-
plainant and "Wonderfoot" by the defendant were practically syn-
chronous.  The action was commenced by filing the bill of complaint
in March, 1911, but the motion for a preliminary injunction was not
made until August, 1912, a year and four months thereafter.

   The defendant is conceded to be amply responsible for any dam-
ages the complainant may recover.  No irreparable injury is shown
by the complainant, and, in view of the fact that the parties deal in
hosiery which differs greatly in material and price, it is not easy to
perceive how the complainant can be seriously injured pending the
trial.· Other than the fact that both parties deal in hosiery, there is
slight similarity in the manner in which their goods are offered for
sale, and it is at least doubtful whether any confusion can arise in
the minds of the purchasing public regarding them.

   The testimony as to unfair competition is indeterminate, but the
presumptions are against the proposition that the defendant needed
to resort to any unfair methods in selling its high-priced silk stock-
ings in competition with the complainant's low-priced cotton stock-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ings. We do not deem it necessary to decide these questions definitely at this stage of the litigation. It is enough that they are not so clearly established in the complainant's favor as to warrant the issuing of a preliminary injunction.

Order is affirmed